**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **CHRISTIAN ARROYO** | |
| **Plaintiff,** | **No: 08 CV 2689** |
| **v.** | **Hon. Judge Der-Yeghiayan** |
| | **Judge Presiding** |
| | **Magistrate Judge Mason** |
| **Z FORCE TRANSPORTATION, INC.,** | **Jury Trial Requested** |
| **Defendant.** | |

**FIRST AMENDED COMPLAINT**

NOW COMES Plaintiff, CHRISTIAN ARROYO, by his counsel, LISA KANE &
ASSOCIATES, P.C., and complaining of Defendant, Z FORCE TRANSPORTATION, INC., states
as follows:

**PRELIMINARY STATEMENT**

1.      This action seeks redress for the violation of rights guaranteed to Plaintiff by 42
U.S.C. § 1981 and Title VII of the Civil Rights of 1964, as amended, 42 U.S.C. § 2000e et seq.
Plaintiff seeks mandatory injunctive relief, declaratory relief and damages to redress Defendant's
discriminatory employment practices.

**JURISDICTIONAL STATEMENT**

2.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1343(a)(3) and (4) and
28 U.S.C. § 1331 to secure protection and redress deprivation of rights secured by 42 U.S.C. § 1981
and 42 U.S.C. § 2000e et seq.  Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 and
2202.

**VENUE**

3.      Venue is proper under 28 U.S.C. §§ 1391(b)(1) and (2).

## PARTIES

4.      Plaintiff, CHRISTIAN ARROYO, is a male resident of Illinois, of Mexican national origin and ancestry, who bears Hispanic ethnic characteristics.

5.      Defendant, Z FORCE TRANSPORTATION, INC., is a corporation properly recognized and sanctioned by the laws of the State of Illinois.  At all times relevant hereto, Defendant has conducted, and continues to conduct, business in the State of Illinois.

## PROCEDURE

6.      Plaintiff filed a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") on May 2, 2008.  The EEOC issued Plaintiff a Notice of Right to Sue on May 23, 2008, which was received on May 27, 2008.  The Notice of Right to Sue entitles Plaintiff to initiate a civil action in the appropriate forum within ninety (90) days of the receipt of said Notice.  Plaintiff initiated this action within said ninety (90) day period.

## COUNT I – 42 U.S.C. § 1981- RETALIATION

7.      Paragraphs one (1) through six (6) are incorporated by reference as if fully set out herein.

8.      Plaintiff bears the racial characteristics of a Hispanic individual and/or is generally perceived to have such characteristics.

9.      Plaintiff CHRISTIAN ARROYO began working for Defendant in September 2006 as a Welder/Mechanic.  Throughout the entirety of his employment with Defendant, Plaintiff has performed to Defendant's reasonable satisfaction at any times material hereto, as evidenced by, without limitation, his merit-based raises.

10.     Since the inception of his employment, Defendant's owner, Dave Zenere, and

2

managerial employees, including Jeff Greco, Vice President, and Eric Shields, General Supervisor, have created a hostile work environment for Plaintiff and other Hispanic employees at his location resulting in a deterioration of the terms and conditions of Plaintiff's employment as compared to his Caucasian co-workers.

11.     Defendant's owner and managerial employees have used and permitted the use by Caucasian hourly employees of racially hostile and offensive language, including referring to Plaintiff and other Hispanic employees as "f[]n Mexicans", "lazy Mexicans", or "spics".

12.     Throughout his employment, Defendant has provided Plaintiff's similarly-situated Caucasian co-workers, including but not limited to Glenn Osborne, Larry Dodson, Bruce Jechort, Randy Zemola, and Wayne Good substantially greater compensation and other benefits, despite Plaintiff performing the same or similar duties.

13.     The greater compensation and benefits Defendant provides to its Caucasian employees includes, but is not limited to:

a.     an hourly wage that is substantially higher for Plaintiff's similarly-situated Caucasian co-workers;

b.     overtime benefits.   While Defendant provides its Caucasian workforce overtime compensation at one-hundred and fifty (150) percent of their normal hourly rate, Defendant only compensates Plaintiff and the other Hispanic employees their regular hourly rates for overtime duty;

c.     other employee benefits, including insurance and paid holidays.

14.     In addition, Defendant provides Plaintiff's similarly-situated Caucasian co-workers far greater safety equipment and conditions.

15.     Defendant outfits its Caucasian workforce with proper safety equipment, including

3

safety gloves, ear plugs, heating, and proper ventilation.

16.     In contrast, Defendant has denied Plaintiff and other Hispanic employees these proper workplace equipment and conditions.  As a result, Plaintiff frequently has faced significant risks in performing his day-to-day activities and on several occasions have become injured, such as receiving serious burns.

17.     Defendant has granted Plaintiff's Caucasian co-workers control of the ventilating fans, which disperse harmful gases away from Plaintiff while welding and performing other duties. These Caucasian employees have often abused this authority by turning off the ventilating fans, causing Plaintiff and other Hispanic employees to inhale harmful fumes.

18.     Since shortly after beginning their employments, in August 2006 and September 2006 respectively, Plaintiff's cousins, Raul Arroyo Jr. and Raul Arroyo Sr. placed complaints regarding the disparate treatment and work conditions afforded to Hispanic employees to Defendant's managerial employees, including Dave Zenere, Owner, Jeff Greco, Vice President, and Eric Shields, General Supervisor.

19.     On February 22, 2008, subsequent to their discriminatory and retaliatory discharge, Plaintiff's cousins, Raul Arroyo Sr. and Raul Arroyo Jr. filed Charges of Discrimination with the Equal Employment Opportunity Commission ("EEOC").  On February 29, 2008 Raul Arroyo Sr. and Raul Arroyo Jr. sued Defendant in the United States District Court for the Northern District of Illinois, Eastern Division (08 CV 1252) under 28 U.S.C. § 1981 alleging race discrimination and retaliation.  On March 4, 2008, after receiving their respective notices of right to sue from the EEOC, Raul Arroyo Sr. and Raul Arroyo Jr. amended their complaint to include allegations of National Origin Discrimination and Retaliation against Defendant under Title VII.

20.     Raul Arroyo Jr. and Raul Arroyo Sr.'s lawful complaints of discrimination and the

protected activity that they engaged in constitute protected activity for Plaintiff, their cousin, under 42 U.S.C. § 1981 based on the opposition to and reporting of Defendant's discriminatory conduct.

21.    Immediately after Plaintiff's cousins Raul Arroyo Sr. and Raul Arroyo Jr. filed their respective charges of discrimination with the EEOC, Owner Dave Zenere threatened Plaintiff in order to coerce him into convincing his cousins to drop their EEOC Charge and forthcoming Complaint against Defendant, hinting that he "was going to do something" if Plaintiff did not cooperate.  As soon as Plaintiff told Zenere that his cousins' lawsuit was not his business, Defendant began to retaliate against Plaintiff by discriminating against him beyond the discrimination Defendant normally affords to its Hispanic employees.  These actions include, but are not limited to:

    a)    Denying Plaintiff all overtime opportunities;

    b)    Denying Plaintiff a scheduled raise.

22.    Subsequent to the additional disparate treatment suffered by Plaintiff, Plaintiff complained to his supervisor, Eric Shields and Owner Dave Zenere numerous times about the disparate treatment he received.  Plaintiff engaged in protected conduct under 42 U.S.C. § 1981 based on his opposition to and reporting of Defendant's discriminatory conduct.

23.    Despite his numerous complaints, Defendant took no substantive action to address Plaintiff's reports and the disparate work environment continued unabated.

24.    Rather than address his complaints, on April 11, 2008, shortly following additional complaints of disparate treatment, Plaintiff's supervisor, Eric Shields, terminated Plaintiff's employment immediately for the pretextual reason that Plaintiff missed work without calling on April 10, 2008.  This reason is pretextual for Defendant's retaliation against Plaintiff, as evidenced by the fact that this absence was scheduled two (2) weeks in advance.  Further, when terminating

5

Plaintiff's employment, Shields acknowledged that Plaintiff had scheduled his April 10, 2008 absence, but noted that he was under directions from Owner Zenere to terminate Plaintiff's employment nevertheless.

25.    Immediately subsequent to his termination, when Plaintiff was collecting his tool boxes, Plaintiff noticed that one of his toolboxes was broken and several tools were stolen.  When Plaintiff noticed that his toolbox had been vandalized,  Owner Zenere told him: "that's what you get when you don't do what you're supposed to do."

26.    On information and belief, similarly situated employees who did not engage in protected activity were not subjected to the adverse actions directed against Plaintiff.

27.    Any reasons proffered by Defendant for terminating Plaintiff's employment are pretext for retaliating against Plaintiff because of his cousins' and his own complaints of racial discrimination.

28.    The aforementioned acts and omissions of Defendant constitute retaliation against Plaintiff based on his opposition to the creation of a discriminatory work environment and have deprived Plaintiff of the enjoyment of all benefits, privileges, terms and conditions of his employment in violation of 42 U.S.C. § 1981.

29.    As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered injury, including, but not limited to, lost and foregone wages and physical and emotional harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, CHRISTIAN ARROYO prays for judgment against Defendant and respectfully request that this Court:

A.    Declare the conduct of Defendant to violate the rights guaranteed to Plaintiff under

appropriate Federal Law;

B.      Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which retaliates against an individual for complaining of an unlawful employment practice;

C.      Order Defendant to make whole CHRISTIAN ARROYO by providing the affirmative relief necessary to eradicate the effects of Defendant's unlawful practices;

D.      Order Defendant to pay lost, foregone, and future wages to CHRISTIAN ARROYO;

E.      Grant Plaintiff actual, consequential, compensatory, punitive and any other damages the Court may deem appropriate against Defendant;

F.      Grant Plaintiff his attorney fees, costs, disbursements; and

G.      Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

## COUNT II – TITLE VII- RETALIATION

30.     Paragraphs one (1) through eighteen (18) are incorporated by reference as if fully set out herein.

31.     On February 22, 2008, subsequent to their discriminatory and retaliatory discharge, Plaintiff's cousins, Raul Arroyo Sr. and Raul Arroyo Jr. filed Charges of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). On February 29, 2008 Raul Arroyo Sr. and Raul Arroyo Jr. sued Defendant in the United States District Court for the Northern District of Illinois, Eastern Division (08 CV 1252) under 28 U.S.C. § 1981 alleging race discrimination and retaliation. On March 4, 2008, after receiving their respective notices of right to sue from the EEOC, Raul Arroyo Sr. and Raul Arroyo Jr. amended their complaint to include allegations of National

Origin Discrimination and Retaliation against Defendant under Title VII.

32.     Raul Arroyo Jr. and Raul Arroyo Sr.'s lawful complaints of discrimination and the protected activity that they engaged in constitute protected activity for Plaintiff, their cousin, under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., based on the opposition to and reporting of Defendant's discriminatory conduct.

33.     Immediately after Plaintiff's cousins Raul Arroyo Sr. and Raul Arroyo Jr. filed their respective charges of discrimination with the EEOC, Owner Dave Zenere threatened Plaintiff in order to coerce him into convincing his cousins to drop their EEOC Charge and forthcoming Complaint against Defendant, hinting that he "was going to do something" if Plaintiff did not cooperate.  As soon as Plaintiff told Zenere that his cousins' lawsuit was not his business, Defendant began to retaliate against Plaintiff by discriminating against him beyond the discrimination Defendant normally affords to its Hispanic employees.  These actions include, but are not limited to:

   a)     Denying Plaintiff all overtime opportunities;

   b)     Denying Plaintiff a scheduled raise.

34.     Subsequent to the additional disparate treatment suffered by Plaintiff, Plaintiff complained to his supervisor, Eric Shields and Owner Dave Zenere numerous times about the disparate treatment he received.  Plaintiff engaged in protected conduct under under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., based on his opposition to and reporting of Defendant's discriminatory conduct.

35.     Despite his numerous complaints, Defendant took no substantive action to address Plaintiff's reports and the disparate work environment continued unabated.

36.     Rather than address his complaints, on April 11, 2008, shortly following additional

8

complaints of disparate treatment, Plaintiff's supervisor, Eric Shields, terminated Plaintiff's employment immediately for the pretextual reason that Plaintiff missed work without calling on April 10, 2008. This reason is pretextual for Defendant's retaliation against Plaintiff, as evidenced by the fact that this absence was scheduled two (2) weeks in advance. Further, when terminating Plaintiff's employment, Shields acknowledged that Plaintiff had scheduled his April 10, 2008 absence, but noted that he was under directions from Owner Zenere to terminate Plaintiff's employment nevertheless.

37.     Immediately subsequent to his termination, when Plaintiff was collecting his tool boxes, Plaintiff noticed that one of his toolboxes was broken and several tools were stolen. When Plaintiff noticed that his toolbox had been vandalized, Owner Zenere told him: "that's what you get when you don't do what you're supposed to do."

38.     On information and belief, similarly situated employees who did not engage in protected activity were not subjected to the adverse actions directed against Plaintiff.

39.     Any reasons proffered by Defendant for terminating Plaintiff's employment are pretext for retaliating against Plaintiff because of his cousins' and his own complaints of racial discrimination.

40.     The aforementioned acts and omissions of Defendant constitute retaliation against Plaintiff based on his opposition to the creation of a discriminatory work environment and have deprived Plaintiff of the enjoyment of all benefits, privileges, terms and conditions of his employment in violation of  Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

41.     As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered injury, including, but not limited to, lost and foregone

9

wages and physical and emotional harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, CHRISTIAN ARROYO prays for judgment against Defendant and respectfully request that this Court:

A.     Declare the conduct of Defendant to violate the rights guaranteed to Plaintiff under appropriate Federal Law;

B.     Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which retaliates against an individual for complaining of an unlawful employment practice;

C.     Order Defendant to make whole CHRISTIAN ARROYO by providing the affirmative relief necessary to eradicate the effects of Defendant's unlawful practices;

D.     Order Defendant to pay lost, foregone, and future wages to CHRISTIAN ARROYO;

E.     Grant Plaintiff actual, consequential, compensatory, punitive and any other damages the Court may deem appropriate against Defendant;

F.     Grant Plaintiff his attorney fees, costs, disbursements; and

G.     Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

## JURY TRIAL DEMAND

42.     Plaintiff requests a jury trial on all issues of fact and law raised by the allegations in this complaint.

Respectfully submitted,
CHRISTIAN ARROYO

10

By:  s/Lisa Kane
                    Lisa Kane, Attorney for Plaintiff


LISA KANE & ASSOCIATES, P.C.
Attorney for Plaintiff
120 South LaSalle Street, Suite 1420
Chicago, Illinois 60603
(312) 606-0383
Attorney Code No. 06203093

## Verification

I, CHRISTIAN ARROYO, declare under penalty of perjury that the foregoing is true and correct.

Executed May 2, 2008.

_____

CHRISTIAN ARROYO

EEOC Form 161-B (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To: **Christian Arroyo**
**887 Victoria Circle**
**Lynwood, IL 60411**

From: **Chicago District Office**
**500 West Madison St**
**Suite 2800**
**Chicago, IL 60661**

CERTIFIED MAIL 7000 1670 0012 6742 7059

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2008-05321 | Pamela Pribble,<br>**Investigator Support Asst** | **(312) 886-7491** |

*(See also the additional information enclosed with this form.)*

NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

☐ More than 180 days have passed since the filing of this charge.

☒ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*(signature)* John P. Rowe

Enclosures(s)

**John P. Rowe,**
**District Director**

5-23-08
*(Date Mailed)*

cc: **Z-FORCE TRANSPORTATION**