**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CHRISTIAN ARROYO, | ) | |
| | ) | Case No.:  08 CV 2689 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Judge Samuel Der-Yeghiayan |
| | ) | |
| Z FORCE TRANSPORTATION, INC., | ) | Magistrate Judge Mason |
| | ) | |
| Defendant. | ) | **Jury Trial Demanded** |

**NOTICE OF FILING**

TO:   Lisa R. Kane / lisakane@sbcglobal.net
        LISA KANE & ASSOCIATES, P.C.

**PLEASE TAKE NOTICE** that on this 20th day of June, 2008, we filed with the United States District Court for the Northern District of Illinois, Eastern Division, *DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT and VERIFICATION*, copies of which are attached hereto and served upon you.

**s/Joanne M. Rogers**
Jeffrey R. Zehe, ARDC 3125616
Joanne M. Rogers, ARDC #6202284
Attorneys for Defendant
NIELSEN, ZEHE & ANTAS, P.C.
55 W. Monroe Street, Suite 1800
Chicago, Illinois 60603
Telephone:   312-322-9900
Facsimile:    312-322.9977
Emails:        jzehe@nzalaw.com
                   jrogers@nzalaw.com

**CERTIFICATE OF SERVICE**

I hereby certified that on this 20th day of June, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the counsel of record listed above.

**s/Joanne M. Rogers**

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CHRISTIAN ARROYO, ) | |
| ) | Case No.:  08 CV 2689 |
| Plaintiff, ) | |
| ) | Judge Samuel Der-Yeghiayan |
| v. ) | |
| ) | Magistrate Judge Mason |
| Z FORCE TRANSPORTATION, INC., ) | |
| ) | |
| Defendant. ) | **Jury Trial Demanded** |

**DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

NOW COMES the Defendant, Z FORCE TRANSPORTATION, INC., by and through its attorneys, NIELSEN, ZEHE & ANTAS, P.C., and for its answer to Plaintiff's First Amended Complaint, state as follows:

**PRELIMINARY STATEMENT**

1.     This action seeks redress for the violation of rights guaranteed to Plaintiff by 42 U.S.C. § 1981 and Title VII of the Civil Rights of 1964, as amended, 42 U.S.C. § 2000e et seq. Plaintiff seeks mandatory injunctive relief, declaratory relief and damages to redress Defendant's discriminatory employment practices.

**ANSWER:**     **Defendant denies that it engaged in any discriminatory or retaliatory employment practices whatsoever.  Defendant admits the remaining allegations contained in Paragraph 1 of Plaintiff's First Amended Complaint.**

**JURISDICTIONAL STATEMENT**

2.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1343(a)(3) and (4) and 28 U.S.C. § 1331 to secure protection and redress deprivation of rights secured by 42 U.S.C. § 1981 and 42 U.S.C. § 2000e et seq. Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 and

2202.

**ANSWER:    Defendant admits the Court has jurisdiction over this matter.  The Defendant denies that it engaged in any deprivation of Plaintiff's rights whatsoever.**

3.    Venue is proper under 28 U.S.C. §§ 1391(b)(1) and (2).

**ANSWER:    Defendant admits the allegations contained in Paragraph 3 of Plaintiff's First Amended Complaint.**

## PARTIES

4.    Plaintiff, CHRISTIAN ARROYO, is a male resident of Illinois, of Mexican national origin and ancestry, who bears Hispanic ethnic characteristics.

**ANSWER:    Defendant admits that Christian Arroyo is a male of Mexican national origin and ancestry.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 4 of Plaintiff's First Amended Complaint.**

5.    Defendant, Z FORCE TRANSPORTATIN, INC., is a corporation properly recognized and sanctioned by the laws of the State of Illinois.  At all times relevant hereto, Defendant has conducted, and continues to conduct, business in the state of Illinois.

**ANSWER:    Defendant admits the allegations contained in Paragraph 5 of Plaintiff's First Amended Complaint.**

## PROCEDURE

6.    Plaintiff filed a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") on May 2, 2008.  The EEOC issued Plaintiff a Notice of Right to Sue on May 23, 2008, which was received on May 27, 2008.  The Notice of Right to Sue entitles Plaintiff to initiate a civil action in the appropriate forum within ninety (90) days of the receipt of said Notice.  Plaintiff initiated this action within said ninety (90) day period.

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of Plaintiff's First Amended Complaint.**

## COUNT I – 42 U.S.C. § 1981 – RETALIATION

7. Paragraphs one (1) through six (6) are incorporated by reference as if fully set out herein.

**ANSWER:** **Defendant reaffirms and re-alleges its Answers to allegations numbered 1-6, as if fully restated herein and incorporate them herein by reference.**

8. Plaintiff bears the racial characteristics of a Hispanic individual and/or is generally perceived to have such characteristics.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of Plaintiff's First Amended Complaint.**

9. Plaintiff CHRISTIAN ARROYO began working for Defendant in September 2006 as a Welder/Mechanic. Throughout the entirety of his employment with Defendant, Plaintiff has performed to Defendant's reasonable satisfaction at any times material hereto, as evidenced by, without limitation, his merit-based raises.

**ANSWER:** **Defendant admits that Plaintiff received raises during his employment with Defendant. Defendant denies the remaining allegations contained in Paragraph 9 of Plaintiff's First Amended Complaint. Defendant affirmatively avers that Plaintiff was chronically tardy and absent which resulted in his termination.**

10. Since the inception of his employment, Defendant's owner, Dave Zenere, and managerial employees, including Jeff Greco, Vice President, and Eric Shields, General Supervisor, have created a hostile work environment for Plaintiff and other Hispanic employees at his location resulting in a deterioration of the terms and conditions of Plaintiff's employment as compared to his Caucasian co-workers.

**ANSWER:** **Defendant denies the allegations contained in Paragraph 10 of Plaintiff's First Amended Complaint.**

11. Defendant's owner and managerial employees have used and permitted the use by Caucasian hourly employees of racially hostile and offensive language, including referring to

3

Plaintiff and other Hispanic employees as "f[]n Mexicans", "lazy Mexicans", or "spics".

**ANSWER:** **Defendant denies the allegations contained in Paragraph 11 of Plaintiff's First Amended Complaint.**

12. Throughout his employment, Defendant has provided Plaintiff's similarly-situated Caucasian co-workers, including but not limited to Glenn Osborne, Larry Dodson, Bruce Jechort, Randy Zemola, and Wayne Good substantially greater compensation and other benefits, despite Plaintiff performing the same or similar duties.

**ANSWER:** **Defendant denies the allegations contained in Paragraph 12 of Plaintiff's First Amended Complaint.**

13. The greater compensation and benefits Defendant provides to its Caucasian employees include, but is not limited to:

    a. an hourly wage that is substantially higher for Plaintiff's similarly-situated Caucasian co-workers;

    b. overtime benefits. While Defendant provides its Caucasian workforce overtime compensation at one-hundred and fifty (150) percent of their normal hourly rate, Defendant only compensates Plaintiff and the other Hispanic employees their regular hourly rates for overtime duty;

    c. other employee benefits, including insurance and paid holidays.

**ANSWER:** **Defendant denies the allegations contained in Paragraph 13 of Plaintiff's First Amended Complaint, inclusive of subparagraphs 13(a) through 13(c).**

14. In addition, Defendant provides Plaintiff's similarly-situated Caucasian co-workers far greater safety equipment and conditions.

**ANSWER:** **Defendant denies the allegations contained in Paragraph 14 of Plaintiff's First Amended Complaint.**

15. Defendant outfits its Caucasian workforce with proper safety equipment, including safety gloves, ear plugs, heating, and proper ventilation.

**ANSWER:** **Defendant admits the allegations contained in Paragraph 15 of Plaintiff's First Amended Complaint. Defendant affirmatively avers that the same safety equipment is available and provided to all workers.**

16. In contrast, Defendant has denied Plaintiff and other Hispanic employees these proper workplace equipment and conditions. As a result, Plaintiff frequently has faced significant risks in performing his day-to-day activities and on several occasions have become injured, such as receiving serious burns.

**ANSWER:** **Defendant denies the allegations contained in Paragraph 16 of Plaintiff's First Amended Complaint.**

17. Defendant has granted Plaintiff's Caucasian co-workers control of the ventilating fans, which disperse harmful gases away from Plaintiff while welding and performing other duties. These Caucasian employees have often abused this authority by turning off the ventilating fans, causing Plaintiff and other Hispanic employees to inhale harmful fumes.

**ANSWER:** **Defendant denies the allegations contained in Paragraph 17 of Plaintiff's First Amended Complaint.**

18. Since shortly after beginning their employments, in August 2006 and September 2006 respectively, Plaintiff's cousins, Raul Arroyo Jr. and Raul Arroyo Sr. placed complaints regarding the disparate treatment and work conditions afforded to Hispanic employees to Defendant's managerial employees, including Dave Zenere, Owner, Jeff Greco, Vice President, and Eric Shields, General Supervisor.

**ANSWER:** **Defendant denies the allegations contained in Paragraph 18 of Plaintiff's First Amended Complaint.**

19. On February 22, 2008, subsequent to their discriminatory and retaliatory discharge, Plaintiff's cousins, Raul Arroyo Sr. and Raul Arroyo Jr. filed charges of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). On February 29, 2008 Raul Arroyo Sr.

and Raul Arroyo Jr. sued Defendant in the United States District Court for the Northern District of Illinois, Eastern Division (08 CV 1252) under 28 U.S.C. § 1981 alleging race discrimination and retaliation. On March 4, 2008, after receiving their respective notices of right to sue from EEOC, Raul Arroyo Sr. and Raul Arroyo Jr. amended their complaint to include allegations of National Origin Discrimination and Retaliation against Defendant under Title VII.

**ANSWER:** **Defendant denies that Raul Arroyo Sr. and Raul Arroyo Jr. were discharged from their positions and affirmatively avers that they voluntarily resigned. Defendant admits the remaining allegations contained in Paragraph 19 of Plaintiff's First Amended Complaint.**

20. Raul Arroyo Jr. and Raul Arroyo Sr.'s lawful complaints of discrimination and the protected activity that they engaged in constitute protected activity for Plaintiff, their cousin, under 42 U.S.C. § 1981 based on the opposition to and reporting of Defendant's discriminatory conduct.

**ANSWER:** **Defendant denies the allegations contained in Paragraph 20 of Plaintiff's First Amended Complaint.**

21. Immediately after Plaintiff's cousin Raul Arroyo Sr. and Raul Arroyo Jr. filed their respective charges of discrimination with the EEOC, Owner Dave Zenere threatened Plaintiff in order to coerce him into convincing his cousins to drop their EEOC Charge and forthcoming Complaint against Defendant, hinting that he "was going to do something" if Plaintiff did not cooperate. As soon as Plaintiff told Zenere that his cousins' lawsuit was not his business, Defendant began to retaliate against Plaintiff by discriminating against him beyond the discrimination Defendant normally affords to its Hispanic employees. These actions include, but are not limited to:

    a. Denying Plaintiff all overtime opportunities;

    b. Denying Plaintiff a scheduled raise.

**ANSWER:** **Defendant denies the allegations contained in Paragraph 21 of Plaintiff's First Amended Complaint.**

22. Subsequent to the additional disparate treatment suffered by Plaintiff, Plaintiff complained to his supervisor, Eric Shields and Owner Dave Zenere numerous times about the disparate treatment he received. Plaintiff engaged in protected conduct under 42 U.S.C. § 1981 based on his opposition to and reporting of Defendant's discriminatory conduct.

**ANSWER:  Defendant denies the allegations contained in Paragraph 22 of Plaintiff's First Amended Complaint.**

23. Despite his numerous complaints, Defendant took no substantive action to address Plaintiff's reports and the disparate work environment continued unabated.

**ANSWER:  Defendant denies the allegations contained in Paragraph 23 of Plaintiff's First Amended Complaint.**

24. Rather than address his complaints, on April 11, 2008, shortly following additional complaints of disparate treatment, Plaintiff's supervisor, Eric Shields, terminated Plaintiff's employment immediately for the pretextual reason that Plaintiff missed work without calling on April 10, 2008. This reason is pretextual for Defendant's retaliation against Plaintiff, as evidenced by the fact that this absence was scheduled two (2) weeks in advance. Further, when terminating Plaintiff's employment, Shields acknowledged that Plaintiff had scheduled his April 10, 2008 absence, but noted that he was under directions from Owner Zenere to terminate Plaintiff's employment nevertheless.

**ANSWER:  Defendant admits that Plaintiff had arranged to be off on April 10, 2008. Defendant denies the remaining allegations contained in Paragraph 24 of Plaintiff's First Amended Complaint. Defendant affirmatively avers that Plaintiff was terminated for being a no call/no show on April 8, 2008, as the last of several unauthorized absences and tardy arrivals.**

25. Immediately subsequent to his termination, when Plaintiff was collecting his tool boxes, Plaintiff noticed that one of his toolboxes was broken and several tools were stolen. When Plaintiff noticed that his toolbox had been vandalized, Owner Zenere told him: "that's what you get

when you don't do what you're supposed to do."

**ANSWER:** **Defendant denies the allegations contained in Paragraph 25 of Plaintiff's First Amended Complaint.**

26. On information and belief, similarly situated employees who did not engage in protected activity were not subjected to the adverse actions directed against Plaintiff.

**ANSWER:** **Defendant denies the allegations contained in Paragraph 26 of Plaintiff's First Amended Complaint.**

27. Any reasons proffered by Defendant for terminating Plaintiff's employment are pretext for retaliating against Plaintiff because of his cousins' and his own complaints of racial discrimination.

**ANSWER:** **Defendant denies the allegations contained in Paragraph 27 of Plaintiff's First Amended Complaint.**

28. The aforementioned acts and omissions of Defendant constitute retaliation against Plaintiff based on his opposition to the creation of a discriminatory work environment and have deprived Plaintiff of the enjoyment of all benefits, privileges, terms and conditions of his employment in violation of 42 U.S.C. § 1981.

**ANSWER:** **Defendant denies the allegations contained in Paragraph 28 of Plaintiff's First Amended Complaint.**

29. As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered injury, including, but not limited to, lost and foregone wages and physical and emotional harm.

**ANSWER:** **Defendant denies the allegations contained in Paragraph 29 of Plaintiff's First Amended Complaint.**

WHEREFORE, the Defendant, Z FORCE TRANSPORTATION, INC., denies that the Plaintiffs are entitled to any relief and instead prays that the Court dismiss the Plaintiffs' First

Amended Complaint with prejudice, enter judgment in favor of the Defendant and award the Defendant further relief as this Court deems appropriate.

## COUNT II – TITLE VII – RETALIATION

30. Paragraphs one (1) through eighteen (18) are incorporated by reference as if fully set out herein.

**ANSWER:** **Defendant reaffirms and re-alleges its Answers to allegations numbered 1-18, as if fully restated herein and incorporate them herein by reference.**

31. On February 22, 2008, subsequent to their discriminatory and retaliatory discharge, Plaintiff's cousins, Raul Arroyo Sr. and Raul Arroyo Jr. filed Charges of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). On February 29, 2008 Raul Arroyo Sr. and Raul Arroyo Jr. sued Defendant in the United States District Court for the Northern District of Illinois, Eastern Division (08 CV 1252) under 28 U.S.C. § 1981 alleging race discrimination and retaliation. On March 4, 2008, after receiving their respective notices of right to sue from the EEOC, Raul Arroyo Sr. and Raul Arroyo Jr. amended their complaint to include allegations of National Origin Discrimination and Retaliation against Defendant under Title VII.

**ANSWER:** **Defendant denies that Raul Arroyo Sr. and Raul Arroyo Jr. were discharged from their positions and affirmatively avers that they voluntarily resigned. Defendant admits the remaining allegations contained in Paragraph 31 of Plaintiff's First Amended Complaint.**

32. Raul Arroyo Jr. and Raul Arroyo Sr.'s lawful complaints of discrimination and the protected activity that they engaged in constitute protected activity for Plaintiff, their cousin, under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., based on the opposition to and reporting of Defendant's discriminatory conduct.

**ANSWER:** **Defendant denies the allegations contained in Paragraph 29 of Plaintiff's First Amended Complaint.**

33. Immediately after Plaintiff's cousins Raul Arroyo Sr. and Raul Arroyo Jr. filed their respective charges of discrimination with the EEOC, Owner Dave Zenere threatened Plaintiff in order to coerce him into convincing his cousins to drop their EEOC Charge and forthcoming Complaint against Defendant, hinting that he "was going to do something" if Plaintiff did not cooperate. As soon as Plaintiff told Zenere that his cousins' lawsuit was not his business, Defendant began to retaliate against Plaintiff by discriminating against him beyond the discrimination Defendant normally affords to its Hispanic employees. These actions include, but are not limited to:

    a.    Denying Plaintiff all overtime opportunities;

    b.    Denying Plaintiff a scheduled raise.

**ANSWER:** **Defendant denies the allegations contained in Paragraph 33 of Plaintiff's First Amended Complaint.**

34. Subsequent to the additional disparate treatment suffered by Plaintiff, Plaintiff complained to his supervisor, Eric Shields and Owner Dave Zenere numerous times about the disparate treatment he received. Plaintiff engaged in protected conduct under under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., based on his opposition to and reporting of Defendant's discriminatory conduct.

**ANSWER:** **Defendant denies the allegations contained in Paragraph 34 of Plaintiff's First Amended Complaint.**

35. Despite his numerous complaints, Defendant took no substantive action to address Plaintiff's reports and the disparate work environment continued unabated.

**ANSWER:** **Defendant denies the allegations contained in Paragraph 35 of Plaintiff's First Amended Complaint.**

36. Rather than address his complaints, on April 11, 2008, shortly following additional complaints of disparate treatment, Plaintiff's supervisor, Eric Shields terminated Plaintiff's employment immediately for the pretextual reason that Plaintiff missed work without calling on

10

April 10, 2008. This reason is pretextual for Defendant's retaliation against Plaintiff, as evidenced by the fact that this absence was scheduled two (2) weeks in advance. Further, when terminating Plaintiff's employment, Shields acknowledged that Plaintiff had scheduled his April 10, 2008 absence, but noted that he was under directions from Owner Zenere to terminate Plaintiff's employment nevertheless.

**ANSWER:** **Defendant admits that Plaintiff had arranged to be off on April 10, 2008. Defendant denies the remaining allegations contained in Paragraph 24 of Plaintiff's First Amended Complaint. Defendant affirmatively avers that Plaintiff was terminated for being a no call/no show on April 8, 2008, as the last of several unauthorized absences and tardy arrivals.**

37. Immediately subsequent to his termination, when Plaintiff was collecting his tool boxes, Plaintiff noticed that one of his toolboxes was broken and several tools were stolen. When Plaintiff noticed that his toolbox had been vandalized, Owner Zenere told him: "that's what you get when you don't do what you're supposed to do."

**ANSWER:** **Defendant denies the allegations contained in Paragraph 37 of Plaintiff's First Amended Complaint.**

38. On information and belief, similarly situated employees who did not engage in protected activity were not subjected to the adverse actions directed against Plaintiff.

**ANSWER:** **Defendant denies the allegations contained in Paragraph 38 of Plaintiff's First Amended Complaint.**

39. Any reasons proffered by Defendant for terminating Plaintiff's employment are pretext for retaliating against Plaintiff because of his cousins' and his own complaints of racial discrimination.

**ANSWER:** **Defendant denies the allegations contained in Paragraph 39 of Plaintiff's First Amended Complaint.**

40. The aforementioned acts and omissions of Defendant constitute retaliation against Plaintiff based on his opposition to the creation of a discriminatory work environment and have deprived Plaintiff of the enjoyment of all benefits, privileges, terms and conditions of his employment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

**ANSWER:   Defendant denies the allegations contained in Paragraph 40 of Plaintiff's First Amended Complaint.**

41. As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered injury, including, but not limited to, lost and foregone wages and physical and emotional harm.

**ANSWER:   Defendant denies the allegations contained in Paragraph 41 of Plaintiff's First Amended Complaint.**

WHEREFORE, the Defendant, Z FORCE TRANSPORTATION, INC., denies that the Plaintiff is entitled to any relief and instead prays that the Court dismiss the Plaintiff's First Amended Complaint with prejudice, enter judgment in favor of the Defendant and award the Defendant further relief as this Court deems appropriate.

## AFFIRMATIVE DEFENSES

NOW COMES the Defendant, Z FORCE TRANSPORTATION, INC., by and through its attorneys, Jeffrey R. Zehe and Joanne M. Rogers of NIELSEN, ZEHE & ANTAS, P.C., and for its affirmative defenses, state as follows:

1. Plaintiff was terminated for legitimate, non-retaliatory reasons in that he had chronic tardiness and attendance problems.

2. Plaintiff has failed to mitigate his damages.

## JURY TRIAL DEMAND

Defendant requests a jury trial on all issues of fact and law raised by the allegations in this complaint.

                                                **s/Joanne M. Rogers**_____

Jeffrey R. Zehe, ARDC #3125616
Joanne M. Rogers, ARDC #6202284
Attorneys for Defendant
NIELSEN, ZEHE & ANTAS, P.C.
55 W. Monroe Street, Suite 1800
Chicago, Illinois 60603
Telephone:	312-322-9900
Facsimile:	312-322.9977
Emails:	jzehe@nzalaw.com
	jrogers@nzalaw.com

## VERIFICATION

I, DAVID ZENERE, affirm under the penalties for perjury that I am an authorized representative of the Defendant, that I have read the foregoing Defendant's Answer to Plaintiff's First Amended Complaint and that the answers are true and accurate to the best of my knowledge.

By: _____
DAVID ZENERE

Title: _____

SIGNED AND SWORN to

Before me this 19th day of June, 2008

_____
Notary Public

OFFICIAL SEAL
GABRIELA GIL
Notary Public - State of Illinois
My Comm. Expires November 29, 2011